PHILIP G. BLANCHARD v. TITTABAWASSEE BOOM COMPANY.

*Discharge of debtor by receiving accepted draft on a third person and neglecting to notify the debtor of its non-payment.*

A debtor is not released by the fact that his creditor knows that a third person has engaged to pay the debt, unless the creditor has accepted such third person as debtor in his place.

A boom company ran logs for B under a contract. B sold the logs and the purchaser agreed to pay for running them, of which fact the company was informed. They drew on B, however, for part payment, and he returned the draft with directions to draw on the purchaser, which they did, making the draft of the same date and amount, and payable at the same time. The purchaser accepted the draft, which fell due and was protested without notice to B, who did not know of its non-payment until some time afterwards when the purchaser had failed, and he was for the first time called on to pay it. *Held* that the accepted draft must be regarded as having been received as conditional payment, and that the company made it their own by failing to notify B of its dishonor. *Held* that this point was sufficiently raised by an exception to a charge that the drawing and acceptance of the draft would not discharge B unless it was agreed that it should discharge him, or that the draft be taken as payment on the account, since an agreement was not necessary, as the company made the draft their own by neglecting to notify B of its dishonor.

Error to Saginaw. Submitted April 9. Decided April 15.

ASSUMPSIT.    Defendant brings error.

*J. H. McDonald* and *B. M. Thompson* and *Butterfield & Withey* for plaintiff in error. If a creditor after drawing on a third party and receiving his acceptance, does not mean to look exclusively to him for pay, he should notify the debtor, *Tatlock v. Harris,* 3 T. R., 174; *Wilson v. Coupland,* 5 B. & Ald., 228; *Browning v. Stallard,* 5 Taunt., 450. Where a creditor receives in payment a draft drawn upon a third person and accepted by him, it amounts to a substitution of the debt, Addison on Cont., § 374; *Noble v. Nat. Disc. Co.,* 5 H. & N., 228;

the holder of collateral securities must duly present them at the maturity of the debt, and give notice to the debtor in case of non-payment, *Atwood v. Cornwall,* 28 Mich., 336; *Whitten v. Wright,* 34 Mich., 94; when a creditor holds effects of the principal and loses them through want of diligence, the principal is discharged to the extent of the injury to him, Brandt on Suretyship, § 384; *Kemmerer v. Wilson,* 31 Penn. St., 110; *Noland v. Clark,* 10 B. Mon., 239; *Sellers v. Jones,* 22 Penn. St., 423; *Lamberton v. Windom,* 18 Minn., 506; *Douglass v. Reynolds,* 7 Pet., 113; *Dayton v. Trull,* 23 Wend., 345; *Lee v. Baldwin,* 10 Ga., 208; *Shippen's adm'r v. Clapp,* 36 Penn. St., 89; *Word v. Morgan,* 5 Sneed (Tenn.), 79; *Trotter v. Crockett,* 2 Porter (Ala.), 401; *Beach v. Bates,* 12 Vt., 68; *Wakeman v. Gowdy,* 10 Bosw., 208. Assent to the substitution of a debt may be shown by the creditor's action, *Osborn v. Osborn,* 36 Mich., 50; *Hotchin v. Secor,* 8 Mich., 494; *Arnold v. Lyman,* 17 Mass., 404; an arrangement for a substitution will be enforced, *Derby v. Sanford,* 9 Cush., 265; *Mowry v. Todd,* 12 Mass., 281; *Smith v. Shelden,* 35 Mich., 44.

*John Moore* for defendant in error. The act of a creditor in drawing upon a third person at the debtor's request, does not discharge the debtor unless there is an agreement that it shall do so, or that the draft shall be payment on the account. *Gardner v. Gorham,* 1 Doug. (Mich.), 507; *Dudgeon v. Haggart,* 17 Mich., 273; *Au Sable Boom Co. v. Sanborn,* 36 Mich., 358.

COOLEY, J. The Tittabawassee Boom Co. sued Blanchard to recover charges for running logs for him in the season of 1875, under a contract made in April of that year. It is not disputed that he made the contract with them, nor that they ran the logs under it, and were entitled to recover of some one their bill amounting to over $1,200. Blanchard's defense is, that he sold the logs the same season to the copartnership of T. Saylor

& Co., who agreed to pay for running them; that the boom company were informed of the sale and understood that they were to look to T. Saylor & Co., for payment for their services, and that in June, 1875, the company received from T. Saylor & Co. an acceptance at two months which they took no steps to collect when due, but retained until the November following, when the acceptors failed and made assignment. Blanchard claims that under these facts the boom company had discharged him and accepted T. Saylor & Co. as their debtors, or if not, that at least the boom company discharged him to the extent of the acceptance of T. Saylor & Co. by receiving the same and failing to take proper steps for its collection or to put him in position to collect it.

I. We do not think there is any evidence in the case from which the jury could have been at liberty to find that the boom company agreed to accept T. Saylor & Co. as their debtors. It is not claimed that any express understanding to that effect was proved. It was shown that the company knew of the sale of the logs, and that T. Saylor & Co. had agreed to pay for running them; but this in no manner affected the express contract of Blanchard to pay for their services. That contract continued in force notwithstanding the sale, and if T. Saylor & Co. should make payments upon it, they would only pay what Blanchard was legally bound for.

II. We think, however, that the boom company did make the $700 acceptance their own. The circumstances relating to this were the following: The boom company made a draft on Blanchard for $700 at two months, which he returned by letter, saying to the company, "draw on T. Saylor & Co.;" they thereupon drew on T. Saylor & Co. a draft of same date and amount, and payable at the same time, which was presented to and accepted by T. Saylor & Co., but was never paid. When the draft fell due in August it was protested, but no notice was given to Blanchard, nor did he know of the

non-payment until after T. Saylor & Co. had failed in November, when for the first time he was called upon to pay the boom company's bill. Under these circumstances the draft of T. Saylor & Co. must be regarded as having been received as conditional payment, and by the failure to notify Blanchard of its dishonor, the company made it their own. *Jennison v. Parker*, 7 Mich., 355; *Phœnix Ins. Co. v. Allen*, 11 Mich., 501.

It is insisted by defendant in error that this point is not fairly made by exception and assignment of error; but we are inclined to hold that it is. The judge after instructing the jury that the mere drawing and acceptance of the draft would not discharge the defendant, added: "There must have been an agreement or understanding to the effect that by the acceptance of that draft the defendant should be discharged from liability, or that the draft should be taken as payment on the account for the $700." This was excepted to. Now to make the draft a payment on the account for the $700 we think no agreement to that effect was necessary: it was sufficient that the boom company made the draft their own by their neglect to notify Blanchard of its dishonor.

The judgment must be reversed and a new trial ordered.

The other Justices concurred.